UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAMADOU ALPHA DIALLO,<br><br>         *Plaintiff*,<br><br> -against-<br><br>CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC,<br><br>         *Defendant.* | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff, Mamadou Alpha Diallo ("Plaintiff"), by and through his counsel, the Law Office of Adam G. Singer, PLLC, and with knowledge as to his own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery, alleges as follows:

## Preliminary Statement

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY FCRA"), Plaintiff brings this action against Defendant CoreLogic Rental Property Solutions, LLC ("CoreLogic" or "Defendant") to recover actual, statutory, and punitive damages, as well as costs and attorney's fees and injunctive relief.

2. Congress enshrined within the FCRA the "need to insure [sic] that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." §1681(a)(4).

3. Moreover, Congress has plainly stated the purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." §1681(b).

4. Similarly, courts have stated that the purpose of the FCRA is to address the "serious problem in the credit reporting industry. . . of inaccurate or misleading information." *Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (internal quotation marks and emphasis omitted); *see also, e.g., Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (noting that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . ") (citing 116 Cong. Rec. 36572 (1970)). Housing background reports that consumer reporting agencies ("CRAs") provide for tenant-screening purposes are consumer reports governed by the FCRA. *See, e.g., Wenning v. On-Site Manager, Inc.*, 2016 U.S. Dist. LEXIS 81126, at *2 (S.D.N.Y. 2016).

5. Defendant CoreLogic is a consumer reporting agency ("CRA") within the meaning of the FCRA. More particularly, CoreLogic is a CRA that, upon information and belief, (a) obtains and compiles tenant-screening data about consumers, which includes public records information, and (b) uses the data it obtains and compiles to prepare and distribute consumer reports about individuals concerning risks associated with leasing residential real estate to such individuals.

6. Here, Defendant mixed information concerning Plaintiff with information of another consumer, resulting in disclosure of inaccurate and information about Plaintiff's history as a renter ("Mixed File Information"). In so doing, Defendant violated §1681e(b) of the FCRA (and an analogous provision of the NY FCRA) by failing to maintain and/or follow procedures to ensure the maximum possible accuracy of information that CoreLogic reported about Plaintiff and, upon information and belief, that CoreLogic also maintained in Plaintiff's credit file.

7. Specifically, CoreLogic published one or more tenant-screening reports ("Report" or "CoreLogic Report") about Plaintiff that contained inaccurate and derogatory information about an eviction action ("Eviction Action") against Plaintiff concerning 345 Classon Ave, Apt 18C, Brooklyn NY 11205 ("Apartment 18C"). According to the false and derogatory Report, the Eviction Action resulted in a judgment against Plaintiff. As described herein, however, Plaintiff never resided at Apt 18C.

8. The inaccurate Eviction Action that CoreLogic reported about Plaintiff and that, upon information and belief, which CoreLogic maintained in its file about Plaintiff, was the product of Defendant's failure to maintain and/or follow reasonable procedures to assure maximum possible accuracy of information it maintained and reported about Plaintiff.

9. Because CoreLogic sold the inaccurate Report, Plaintiff's application to lease an apartment at 469 W 153rd St. Apt 4C (the "Apartment Application") was denied. Upon information and belief, but for the inaccurate and derogatory Report, Plaintiff's Apartment Application would have been approved.

10. As a direct and proximate result of CoreLogic's unlawful actions, conduct, and omissions, Plaintiff suffered actual damages (pecuniary and nonpecuniary), all cognizable pursuant to

the FCRA. Those damages include but are not limited to (a) harm to Plaintiff's reputation as a lessee, (c) Plaintiff's inability to gain approval to lease the Apartment, (d) Plaintiff's subsequent leasing of a different apartment at a higher monthly rental rate, (e) potentially other, as yet unknown housing and credit harm, and perhaps most significantly, (e) substantial emotional distress, anxiety, frustration, humiliation, and embarrassment.

11. Defendant's willful (i.e., knowing or reckless) violations of the FCRA entitles Plaintiff to an award of punitive damages pursuant to § 1681n.

## Jurisdiction and Venue

12. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of those state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## The Parties

14. Plaintiff, Mamadou Alpha Diallo, is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)) and NY FCRA (NY GBL § 380-a(b)). Plaintiff resides at 619 W 142nd Street, Apt 2, New York, NY 10031.

15. CoreLogic Rental Property Solutions, LLC, a Delaware limited liability company, is duly authorized and qualified to do business in the State of New York and a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. *See* 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

## Statement of Facts

16. This is a "mixed file" case. A mixed file occurs when a CRA "mixes" information belonging to one consumer with information belonging to another consumer. More

specifically and as described in detail in this Complaint, CoreLogic (a) maintained inaccurate and derogatory Mixed File Information about the Eviction Action in its credit file for Plaintiff, and (b) issued a Report about Plaintiff to a prospective landlord in connection with an application for the Apartment that included that Mixed File Information.  Upon information and belief, the Mixed File Information on the CoreLogic Report was attributable to a different consumer, Mamadou Malick Diallo.

*CoreLogic is a Consumer Reporting Agency*

17. On CoreLogic's website, it makes the following representations concerning its resident screening services, CoreLogic® Rental Property Solutions:[1]

> CoreLogic® Rental Property Solutions is a consumer reporting agency that provides information to the rental property industry. Rental housing providers may obtain your consumer report to assist them in making leasing decisions.
>
> Core Logic Rental Property Solutions maintains information regarding landlord tenant and criminal public court records about individuals.  Public records are obtained from courts and law enforcement agencies in many jurisdictions.

18. Thus, CoreLogic is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

19. The data and reports that Defendant maintains, prepares, and publishes, including the Report about Plaintiff, are used and expected to be used for purposes governed by 15 U.S.C. § 1681b, and the public records data included in each report bears on the credit history,

---

[1] CoreLogic concedes that it is a consumer reporting agency. https://www.corelogic.com/solutions/rental-property-solutions-consumer-assistance.aspx

creditworthiness, reputation, personal characteristics and mode of living of each respective consumer.  As such, the reports that Defendant issued concerning Plaintiff are consumer reports as that term is defined in 15 U.S.C. § 1681a(d).

20. Accordingly, as CoreLogic itself states on its website, Defendant operates as a "consumer reporting agency," as defined in § 1681a(f) of the FCRA. Defendant is therefore subject to the requirements of the FCRA.

*Mixed File Information by Defendant about the Eviction prevented Plaintiff from leasing an Apartment*

21. In approximately early May 2019, Plaintiff, who had been residing with his father, desired to move into his own apartment.

22. In early May 2019, Plaintiff retained the services of real estate broker Michael Reese Machemer ("Mr. Machemer") of Bohemia Realty Group LLC ("Bohemia").  With Mr. Machemer's assistance, Plaintiff viewed and subsequently applied for the Apartment (469 W 153rd St. Apt 4C; New York, NY, 10031).  Upon information and belief, when Plaintiff applied for the Apartment, the monthly rent was listed as $1,850 per month.

23. On or about May 6, 2019, Mr. Machemer alerted Plaintiff to a problem with his application. Upon information and belief, the landlord for the Apartment used the CoreLogic Report to screen Plaintiff's application for tenancy.  Because of the Eviction Action on the Report, the landlord refused to lease the Apartment to Plaintiff.  According to Mr. Machemer, except for the inaccurate Eviction Action on the CoreLogic Report, Plaintiff's credit "otherwise was fine."

24. Plaintiff disputed the inaccurate and derogatory information reported about him by CoreLogic by telephone on or about May 15, 2019.  On or about June 12, 2019, CoreLogic sent dispute reinvestigation results to Plaintiff, which – by stating that CoreLogic had

deleted the Eviction Action from Plaintiff's file with CoreLogic – amounts to a concession from CoreLogic that it had in fact maintained and reported derogatory Mixed File Information about Plaintiff concerning the Eviction Action.

25. Had Defendant maintained and followed reasonable procedures to assure the maximum possible accuracy of the information it maintained and published about Plaintiff, as Defendant is required to do pursuant to § 1681e(b) (and the corresponding provision of the NY FCRA), the Eviction Action would not have been on the Report and Plaintiff would have been approved to rent the Apartment.

26. Ultimately, because Plaintiff was rejected for the Apartment, he had finally secured an apartment in upper Manhattan that cost him approximately an additional $200 per month, and, upon information and belief, resulted in Plaintiff paying a higher security deposit.

27. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant.

28. At all times pertinent hereto, the acts and omissions in violation of the FCRA by Defendant, as well as Defendant's agents, servants and/or employees, were intentional, willful, reckless, and in wanton disregard for Plaintiff's rights.  As such, Defendant is liable for, among other relief, statutory damages, pecuniary and nonpecuniary actual damages, reasonable attorney's fees and costs, and punitive damages pursuant to FCRA § 1681n.

29. Alternatively, the acts and omissions in violation of the FCRA by Defendant, as well as their agents, servants and/or employees, was negligent.  As such, Defendant is liable for, among other relief, statutory damages, pecuniary and nonpecuniary actual damages, and reasonable attorney's fees and costs, pursuant to FCRA § 1681o.

## FIRST CAUSE OF ACTION
**VIOLATIONS OF FCRA § 1681e(b)**

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. CoreLogic violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in the preparation of consumer reports about Plaintiff.

32. Due to CoreLogic's violations of § 1681e(b), Plaintiff suffered actual damages, Plaintiff suffered actual damages, including damage to Plaintiff's reputation as a lessee, Plaintiff's inability to gain approval for an apartment for which he had applied, increased costs of leasing an apartment at higher costs, Plaintiff potentially other, as yet unknown housing and credit harm, and emotional distress, anxiety, frustration, humiliation, and embarrassment, all cognizable pursuant to the FCRA.

33. Upon information and belief, these violations of § 1681e(b) were willful, rendering CoreLogic liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

34. In the alternative, CoreLogic's violations of § 1681e(b) were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

## SECOND CAUSE OF ACTION
**VIOLATIONS OF NY FCRA §§ 380-j(a) and j(e)**

35. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

36. CoreLogic violated the NY FCRA §§ 380-j(a) and j(e) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information

concerning Plaintiff in the maintenance and publication of one or more consumer reports about Plaintiff.

37. Due to CoreLogic's violations of NY FCRA §§ 380-j(a) and j(e), Plaintiff suffered actual damages, Plaintiff suffered actual damages, including damage to Plaintiff's reputation as a lessee, Plaintiff's inability to gain approval for an apartment for which he had applied, increased costs of leasing an apartment at higher costs, Plaintiff potentially other, as yet unknown housing and credit harm, and emotional distress, anxiety, frustration, humiliation, and embarrassment, all cognizable pursuant to the NY FCRA.

38. Upon information and belief, CoreLogic's violations of §§ 380-j(a) and j(e) were willful. A such, Defendant is liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l. Plaintiff also is entitled to injunctive relief restraining Defendant from any further violations of Plaintiff's rights pursuant to the NY FCRA.

39. In the alternative, CoreLogic's violations of §§ 380-j(a) and j(e) were negligent, entitling Plaintiff to recover actual damages and costs and reasonable attorney's fees pursuant to § 380-m, as well as injunctive relief restraining Defendant from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendant:

1. Awarding Plaintiff against Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and §1681o and NY GBL §380-l and §380-m;

2. Enjoining Defendant from violating Plaintiff's NY FCRA rights; and

3. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

> */s/ Adam G. Singer*
> **LAW OFFICE OF ADAM G. SINGER, PLLC**
> Adam G. Singer (AS7294)
> asinger@adamsingerlaw.com
> Brett D. Sherman (BS5688)
> brett.sherman@adamsingerlaw.com
> One Grand Central Place
> 60 E. 42nd Street, Suite 4600
> New York, NY 10165
> T: 212.842.2428